UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NANCY H. ROBERTS )
)
v. ) NO. 2:02-CV-166
)
ANTHONY J. PRINCIPI )

**O R D E R**

This Title VII retaliation case is before the Court to address a Motion for Summary Judgment filed by the defendant and the plaintiff's cross motion for summary judgment. Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Vaughn v. Watkins Motor Lines,*

*Inc.,* 291 F.3d 900, 903 (6th Cir. 2002).

## AGE DISCRIMINATION

The plaintiff stipulates in her memorandum brief that she has abandoned her age discrimination claims. Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment in regard to plaintiff's age discrimination claims is **GRANTED**.

## FREEDOM OF INFORMATION ACT

The defendant also contends that the plaintiff's Freedom of Information Act ("FOIA")claims are MOOT because the plaintiff has now been supplied all the documents that she sought under the FOIA except for the medical records of another employee. In her memorandum, the plaintiff does not contest the defendant's position, but she does claim attorney's fees for her futile FOIA efforts.

As explained by the Sixth Circuit in *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 77 Fair Empl.Prac.Cas. (BNA) 225 (6th Cir. 1998):

> Once the EEOC turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot. *Anderson v. United States Dep't of Health & Human Services*, 3 F.3d 1383, 1384 (10th Cir.1993); *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir.1986); see also *American Commercial Barge Lines Co. v. NLRB*, 758 F.2d 1109, 1111 (6th Cir.1985). Although plaintiff's claim for production of information is moot, its motion for attorney fees and costs is not. *Carter*, 780 F.2d at 1481; *DeBold*

2

> v. *Stimson*, 735 F.2d 1037, 1040 (7th Cir.1984); *Ginter v. IRS*, 648 F.2d 469, 471 (8th Cir.1981). The issue of fees and costs is "ancillary to the underlying action and survive[s] independently under the court's equitable jurisdiction." *Carter*, 780 F.2d at 148.1

Therefore, the Court FINDS that once the Department of Veterans Affairs turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became **MOOT**. However, the Court FINDS that the plaintiff's claim for attorney fees is not and the Court will take that issue under advisement.

## RETALIATION

Considering the evidence in the light most favorable first to the plaintiff and then to the defendant [since there is a motion for summary judgment and a cross motion for summary judgment], giving all reasonable inferences, the Court finds that there is a material dispute of facts in regard to whether or not the plaintiff was subjected to retaliation for her decision to file charges of discrimination. Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment in regard to the plaintiff's retaliation claim is **DENIED,** and that the plaintiff's cross motion for summary judgment is also **DENIED**.

## MEDIATION

Pursuant to LR16.4 of the Local Rules of the United States District Court

for the Eastern District of Tennessee, it is hereby **ORDERED** that this case proceed to mediation within the next sixty (60) days. It is also hereby **ORDERED** that the final pretrial and the trial of this cause are **CANCELLED**.

The parties shall report on the results of mediation on or before March 31, 2005. If mediation has been unsuccessful, this case will be reassigned for trial at that time.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE